## LOGAN *vs.* THE STATE.

1. Under a count in an indictment for gaming, charging the defendant with playing cards "at a storehouse then and there for retailing spirituous liquors," no conviction can be had, upon proof that the playing took place "near a house formerly used for retailing, but which was not then so used."

ERROR to the Circuit Court of St. Clair.

Tried before the Hon. TURNER REAVIS.

JAMES LOGAN and Allen Box were indicted for gaming. The indictment contained eight counts ; the first charging, that the playing took place at " a tavern ;" the second, that it took place " at a storehouse then and there for retailing spirituous liquors ;" the third, " at a place where spirituous liquors were then and there retailed ;" the fourth, " at a place where spir · ituous liquors were then and there given away ;" the fifth, " at a house then and there a public house ;" the sixth, " on a highway ;" the seventh, " at a public place ;" and the eighth, "at an outhouse where people did then and there resort."

On the trial of Logan, the State proved that he played cards, between the time specified in the indictment and the time the indictment was found, in said county, " at a place nineteen yards distant from the side of a highway in said county ; that

the playing was in the night time, between the hours of ten and twelve, and by dim moonlight ; that there were no persons present but those engaged in the game, and that no person passed the road while the game was going on; that the light afforded by the moon was so dim, that no person passing by along the road could have distinguished that the players had cards in their hands, though the persons themselves might have been seen ; that the card-players themselves were compelled to hold the cards close to their eyes, to see what they were ; that there were no obstructions between the card-players and the road, but they were nineteen yards from it, on a log, playing by the dim light of the moon ; that this was at a place near which there were no houses, except a house that had been used for retailing, but which was not used for that purpose at that time; that there were no persons at, in or about said house, except the card-players, and they were about twenty-nine yards from it. This was all the proof, and the court charged the jury, that they must find the defendant guilty under the second count of the indictment, if they believed the evidence. To this charge the defendant excepted."

J. L. CURRY and S. F. RICE, for plaintiff in error.

M. A. BALDWIN, Attorney General, contra.

LIGON, J.—The charge of the court is erroneous. The proof shows, that no spirituous liquors were retailed at the house near which the playing took place, at the time the parties played. The second count in the indictment, under which the conviction was had, charges the playing to have taken place " at a storehouse then and there for retailing spirituous liquors." Proof that persons played cards at or near a house which, at some indefinite period of past time, had been used as a storehouse for retailing spirituous liquors, does not make out the offence charged ; yet, such was the ruling of the court below.

Whether the proof would not have authorized a conviction under the sixth or seventh count in this indictment, we do not decide, as the only question before us relates to the charge of the court, and that confines the jury to the consideration of the charge made in the second count alone.

Let the judgment be reversed, and the cause remanded.